IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Magistrate Action** |
| : | |
| **Appellee** : | |
| : | **No. 15-1156** |
| v. : | |
| : | |
| **DOMINIC BROXTON** : | |
| : | |
| : | |
| **Appellant** : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                    **January 26, 2016**

Two security officers fight in a federal building requiring a supervisor to break them up. Upon both being charged with disorderly conduct, Magistrate Judge Hart held a trial and found a mutual fight and rejected Dominic Broxton's claim of self-defense. Upon Mr. Broxton's appeal and careful review of specific findings following trial, we affirm Judge Hart's October 22, 2015 Judgment of Conviction.

## I. Factual Background

On July 4, 2015, Protective Security Officers Dominic Broxton ("Broxton) and Robert Amaro ("Amaro") fought in the IRS building on Market Street in Philadelphia. (T. at 4:6-15).[1] Officer Lemos[2] ("Lemos"), the arresting officer, testified "they had to separate both of the gentlemen, and the supervisor had sent Mr. Amaro home to go to the hospital" (T. at 4:16-18).

---

[1] Transcript of October 22, 2015 Hearing before Magistrate Judge Jacob P. Hart.

[2] Officer Lemos appears on the transcript as Officer Memose, however Broxton's brief as well as the Government's refer to the officer as Officer Lemos, presumably his correct name.

Amaro went into Broxton's locker, and Broxton recorded him with his phone to show his supervisors. (T at 6:11-15). Amaro confronted Broxton, taking and threatening to destroy Broxton's phone. (T at 6:16-22). Broxton testfied Amaro reached out and somehow scratched Broxton's face. (T at 6:23-24). Broxton "returned the strike and I hit him in his face." (T at 7:1). Broxton attempted to leave the room, while Amaro continued the fight. (T at 7:2-4). After a scuffle, Broxton left the room and called for an officer and his supervisor. (T at 7:9-23).

After hearing testimony on October 22, 2015, Judge Hart found a mutual fight. (T at 8:5-18). Broxton indicated he was not finished presenting his case, and Judge Hart permitted him to continue. (T at 9:1-6).

Broxton disagreed with Judge Hart's characterization of the events as a "fight" and insisted Amaro attacked him first and Broxton defended himself using his Homeland Security and company training. (T at 9:7-15). Broxton quoted Amaro describing Broxton filming him, laughing at him, and Amaro taking and throwing Broxton's phone. (T at 9:16-10:2). Judge Hart rejected Broxton's claim of self-defense. (T at 10:8-11). After a brief sidebar, Judge Hart asked Amaro if he agreed with Broxton's description of the events. (T at 10:18-25). Amaro disagreed, insisting he never hit Broxton and Broxton struck first. (T at 11:1-16). Judge Hart found both men guilty on October 22, 2015 and sentenced each party to pay a fine. (T at 11:17-25).

Broxton timely filed an appeal of Judge Hart's ruling arguing the United States "presented insufficient evidence to prove beyond a reasonable doubt that Mr. Broxton was guilty of disorderly conduct. The government also presented insufficient evidence to disprove beyond a reasonable doubt Mr. Broxton's affirmative defense of self-defense." (ECF Doc. No. 10 at 6).

II. Analysis

"Our review of a Magistrate Judge's findings is the same as the review the Court of Appeals conducts over a District Court decision." *United States v. Mather*, 902 F. Supp. 560, 562 (E.D. Pa. 1995) (citing Fed.R.Crim.P. 58(g)(2)(D)). "[W]hen an appellant challenges the sufficiency of the evidence presented against him at trial, we must then view all of that evidence in a light most favorable to the Government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Mather*, 902 F. Supp. at 561 n.2 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir. 1995)).

a. Disorderly Conduct

"All persons entering in or on Federal property are prohibited from loitering, exhibiting disorderly conduct[3] or exhibiting other conduct on property that—(a) Creates loud or unusual noise or a nuisance; (b) Unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; (c) Otherwise impedes or disrupts the performance of official duties by Government employees; or (d) Prevents the general public from obtaining the administrative services provided on the property in a timely manner." 41 C.F.R. § 102-74.390.

Magistrate Judge Hart heard and evaluated witness testimony detailing Broxton and Amaro fought in the IRS building, causing each other injuries and requiring intervention by supervisors and other officers. Lemos testified "they had to separate both of the gentlemen". (T.

---

[3] The regulation does not define disorderly conduct. Broxton cites 36 C.F.R. § 2.34 for the definition of disorderly conduct. (ECF Doc. No. 10 at 9). This is a separate statute, specifically a federal parks regulation, and the events at issue occurred in the IRS building in Philadelphia. The record does not indicate a regulation at issue other than 41 C.F.R. § 102-74.390; Broxton provides no grounds upon which 36 C.F.R. § 2.34 could apply.

at 4:16-17). We cannot say Judge Hart's finding Broxton engaged in disorderly conduct in this case is unreasonable. The incident prompted response to the scene by at least one supervisor and other officers thus "imped[ing] or disrupt[ing] performance of official duties by Government employees." 41 C.F.R. § 102-74.390.

### b. Broxton's Affirmative Defense

Broxton raised the affirmative defense of self-defense (T at 9: 7-10), which Judge Hart ultimately rejected, finding Broxton and Amaro fought. (T. at 10:8-17). We review this decision for clear error.[4]

Broxton's own testimony reveals after Amaro scratched him, he "returned the strike and I hit him in his face." (T at 7:1). We find Judge Hart's decision, made after hearing Broxton's testimony, rejecting Broxton's claim of self-defense is not clearly erroneous.

### III. Conclusion

Magistrate Judge Hart's decision finds more than adequate support. A rational trier of fact could have found the essential elements of disorderly conduct beyond a reasonable doubt. Judge Hart's decision rejecting Broxton's claim of self-defense is not clearly erroneous. We affirm the judgment of Magistrate Judge Hart in the accompanying Order.

---

[4] "Clear error review is appropriate when the legal issue decided by the district court is, in essence, a factual question." *United States v. Richards*, 674 F.3d 215, 220 (3d Cir. 2012). "'[A]ssessments of credibility by the trial court are entitled to great deference at the appellate level.'" *United States v. Givan*, 320 F.3d 452, 464 (3d Cir. 2003) (citing *United States v. Brothers*, 75 F.3d 845, 853 (3d Cir.1996)). "[W]hen the district court's decision is based on testimony that is coherent and plausible, not internally inconsistent and not contradicted by external evidence, there can almost never be a finding of clear error." *United States v. Igbonwa*, 120 F.3d 437, 441 (3d Cir.1997). *see United States v. Adams*, 287 F. App'x 177, 178 (3d Cir. 2008) (affirming conviction where a credibility determination caused the jury to disbelieve self-defense). *See also United States v. Lawrence*, 349 F.3d 109, 122-23 (3d Cir. 2003) (defendant has the initial burden to show evidence raising an affirmative defense before Government must disprove the defense beyond a reasonable doubt).

4